IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **BRYAN BATES**, Individually, and on Behalf of All Others Similarly Situated, | ) ) ) ) ) |
| | Civil Action No.: |
| Plaintiff, | ) ) ) ) |
| v. | ) ) **COLLECTIVE ACTION COMPLAINT** |
| **THE SCOTTS COMPANY, LLC,** and **EG SYSTEMS, INC.,** *doing business as* **"SCOTT'S"**, | ) ) ) **JURY DEMAND** |
| Defendant. | ) ) |

**COLLECTIVE ACTION COMPLAINT & JURY DEMAND**

Now come Plaintiff Bryan Bates, on behalf of himself and all others similarly situated, against Defendant The Scotts Company, LLC, and EG Systems, Inc. (collectively "Defendants") and allege the following:

**SUMMARY**

1. Plaintiff worked more than forty (40) hours in a workweek as a lawn care technician/specialist, also known as "Territory Service Representatives" for Defendants. Defendants required and/or permitted Plaintiff to work in excess of forty (40) hours per week; however, Defendants failed to compensate Plaintiff at the rate of one and one-half times their regular rates of pay for all hours over forty. Furthermore, Defendants failed to compensate Plaintiff at the federally and/or state mandated minimum wage rate.

2. Defendants' conduct violates the Fair Labor Standards Act (FLSA), which requires non-exempt employees to be compensated for overtime work at the FLSA mandated overtime

1

wage rate. 29 U.S.C. § 207(a). Furthermore, Plaintiff was not compensated at the FLSA required minimum wage rate. 29 U.S.C. § 206.

3. Defendants likewise do not pay proper overtime and/or minimum wage to other similarly situated workers throughout the United States. Plaintiff brings a collective action to recover unpaid overtime compensation and minimum wage owed to them and on behalf of all other similarly situated Territory Service Representatives (and employees with substantially similar duties), current and former, who worked for Defendants at any time during the three years prior to the filing of this lawsuit. Members of the Collective Action are hereinafter referred to as "FLSA Collective Members."

## PARTIES AND PERSONAL JURISDICTION

4. Plaintiff Bryan Bates is an individual residing in Knoxville, Tennessee. Plaintiff's written consent form is attached hereto as **Exhibit 1**. During the relevant period, said Plaintiff was employed by Defendants as a Territory Service Representative.

5. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA.

6. At all relevant times, Defendants have done business as "Scott's," a nationwide company that provides lawn-care products and services.

7. Defendant The Scotts Company, LLC is a foreign limited liability company doing business in the State of Tennessee.

8. Defendant EG Systems, Inc. is a foreign business corporation doing business in the state of Tennessee.

2

9. On or before January 1, 2017, Defendants were acquired by Trugreen, another nationwide company that provides lawn-care products and services. Defendants' website,[1] continues to identify the company as "Scott's" and does not mention Trugreen.

10. This Court has personal jurisdiction over Defendants because Defendants purposefully availed themselves of the privileges of conducting activities in the state of Tennessee and established minimum contacts sufficient to confer jurisdiction over said Defendants. The assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

11. Defendants had and continue to have continuous and systematic contacts with the state of Tennessee sufficient to establish general jurisdiction over them. Specifically, Defendants conduct and/or conducted business in Tennessee providing lawn care and maintenance services throughout Tennessee.

12. Defendants employ workers and contract with residents and businesses in Tennessee.

13. This cause of action arose from or relates to the contacts of Defendants with Tennessee residents, thereby conferring specific jurisdiction over Defendants.

**SUBJECT MATTER JURISDICTION AND VENUE**

14. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

15. Venue is proper in the Eastern District of Tennessee, Knoxville Division pursuant to 28 U.S.C. § 1391(d) because Defendants have operations in the Eastern District of Tennessee, and a portion of the events forming the basis of this suit occurred there.

---

[1] https://www.scotts.com/en-us/homepage (last accessed September 14, 2017).

## COVERAGE

16. At all material times, Defendants have been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

17. At all material times, Defendants have been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

18. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 203(s)(I) of the FLSA because Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

19. At all material times, Plaintiff and FLSA Collective Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

20. Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard of $500,000.

21. At all relevant times, Defendants have represented themselves to the general public as one company (Scott's) operating multiple locations. They have had shared employees, a common management, have pooled their resources, have operated from the same headquarters, have had common ownership, and have had the same operating name. Defendants have advertised together on the same website, provided the same array of services to Scotts' customers, and have use the same business model. Defendants have provided the same service product to their customers by using a set formula when conducting their business.

22. Thus, Defendants formed a "single enterprise" and are each liable for the violations of the other.

23. Moreover, Defendants formed a joint employment relationship with respect to the Plaintiff and other FLSA Collective Members.

24. Defendants controlled the hours to be worked by Plaintiff and other FLSA Collective Members.

25. Defendants had a common business purpose to provide lawn care services to their customers.

26. Defendants' operations were unified and Defendants shared control over the work of Plaintiff and other FLSA Collective Members. Thus, Defendants are each directly liable for the violations in this case.

## FACTS

27. Defendants provide lawn, tree, and shrub care and maintenance services throughout the United States and Tennessee.

28. Defendants employed Plaintiff and the other members of the FLSA Collective to perform these services.

29. Lawn care technicians/specialists, also known as Territory Service Representatives, are landscapers who perform the manual duties of applying products to the lawn such as fertilizer, pesticides of many various types (fungicide, insecticide, herbicide, pesticides), seed, limestone, operating core-aerators, and operating DOT regulated service vehicles.

30. Plaintiff Bryan Bates worked as a Territory Service Representative for Defendants from 2011 through March 2016.

31. Plaintiff Bryan Bates began his employment as a Territory Service Representative in Charlotte, North Carolina.

32. In October 2015, Plaintiff Bryan Bates was transferred to Knoxville, Tennessee, where he has continued to work through the present.

33. In March 2016, Plaintiff Bryan Bates was promoted to a salaried manager position and has remained employed by Defendants through the present.

34. Plaintiff and the other members of the FLSA Collective were not exempt from overtime pay or from receiving pay at the federal and/or state minimum wage rate.

35. At all times throughout Plaintiff's employment, and continuing through at least September 2016, Defendants compensated Plaintiff and the other members of the FLSA Collective pursuant to the "fluctuating work week" ("FWW") method.

36. However, Defendants improperly implemented the FWW method of pay.

37. Because Defendants did not comply with the law, Plaintiff and the other members of the FLSA Collective were paid at rates less than what the law requires and thus, they are owed significant damages.

38. The FWW method, when properly implemented, allows an employer to pay its non-exempt employees at 1/2 the employees' regular rates of pay (the "half time" premium) for any hours worked over 40 as opposed to paying the employees 1 and 1/2 times their regular rates of pay.

39. Under the FLSA, Section 778.114 is the regulation governing the FWW method of pay. Section 778.114 provides, in pertinent part, as follows:

> **Where there is a clear mutual understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek, whatever their number, rather than for working 40 hours or some other fixed weekly work period,**

6

> **such a salary arrangement is permitted by the Act if the amount of the salary is sufficient to provide compensation to the employee at a rate not less than the applicable minimum wage rate for every hour worked in those workweeks in which the number of hours he works is greatest, and if he receives extra compensation, in addition to such salary, for all overtime hours worked at a rate not less than one-half his regular rate of pay**.

29 C.F.R. § 778.114(a).

40. Thus, to utilize the FWW method, the following elements must be satisfied:

   (1) the employee's hours fluctuate from week to week,

   (2) there is a clear mutual understanding amongst the employee and employer,

   (3) that the employee will receive a fixed salary,

   (4) for every hour worked, and

   (5) the amount of the salary provides compensation to the employee at least at the minimum wage rate for all hours worked.

41. During the relevant time period, Defendants paid Plaintiff and the other members of the FLSA Collective supplementary payments and bonuses in addition to their regular salary.

42. The amount of the supplementary payments and bonuses that the Plaintiff and the other members of the FLSA Collective received varied from week to week.

43. Consequently, the gross amounts that the Plaintiff and the other members of the FLSA Collective received each week were not fixed, as the law requires. *See United States Department of Labor Final Ruling dated April 5, 2011*, 76 FR 18832, 18850 ("[W]hile the Department continues to believe that the payment of bonuses and premium payments can be beneficial for employees in many other contexts, we have concluded that unless such payments are overtime premiums, they are incompatible with the fluctuating work week method of computing overtime under section 778.114."); *Sisson v. Radioshack Corp.*, 2013 U.S. Dist. LEXIS

7

40135, 20 Wage & Hour Cas. 2d (BNA) 764 (N.D. Ohio Mar. 11, 2013) (holding that the DOL's position that—payment of bonuses is not compatible with the FWW regulation—is entitled to deference under *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-844, 104 S. Ct. 2778, 81 L. Ed. 2d 694 (1984)).

44. Additionally, the supplementary payments and bonus payments were not factored into the regular rates of pay for the Plaintiff and the other members of the FLSA Collective.

45. Thus, the Plaintiff and the other members of the FLSA Collective were paid overtime at rates less than what is mandated under the FWW.

46. Further, Defendants made deductions from the pay of the Plaintiff and the other members of the FLSA Collective to the number of hours below 40 that were not worked that week.

47. In particular, when the Plaintiff and the other members of the FLSA Collective worked less than 40 hours in a week, Defendants reduced their pay in proportion to the number of hours below 40 that were not worked that week.

48. Defendants determined a fixed hourly rate of pay for the Plaintiff and the other members of the FLSA Collective by dividing their weekly salaries by 40 hours. When the Plaintiff and the other members of the FLSA Collective worked less than 40 hours, their pay was determined by multiplying the total number of hours worked that week by the fixed hourly rate. Thus, the Plaintiff and the other members of the FLSA Collective never received fixed salaries as the law requires.

49. Moreover, Defendants violated the law because there was no clear and mutual understanding reached between the Plaintiff, and the other members of the FLSA Collective, and Defendants. The Plaintiff and the other members of the FLSA Collective were essentially paid as

hourly employees but without overtime pay at the rate of time and one-half their regular rates of pay for every hour worked over 40 in a week.

50. Additionally, there were weeks when Plaintiff's and other FLSA Collective Members' pay fell below that applicable minimum wage rate; and the compensation provided to the Plaintiff and the other members of the FLSA Collective was at rates less than the applicable overtime rate for every hour worked over forty in a workweek.

51. Given that Defendants improperly implemented the FWW method, the Plaintiff and the other members of the FLSA Collective were denied overtime at the rates mandated under the FLSA.

52. Specifically, the Plaintiff and the other members of the FLSA Collective received compensation at rates less than time and one half their regular rates of pay for those hours worked over forty.

53. Defendants' method of paying the Plaintiff and the other members of the FLSA Collective was in violation of the FLSA and was willful and not based on a good faith and reasonable belief that its conduct complied with the FLSA.

54. On February 28, 2013, another Territory Service Representative filed a lawsuit in the United States District Court for the Southern District of New York, alleging that Defendants' use of the FWW method was invalid (for the same reasons alleged herein), and seeking unpaid overtime compensation pursuant to the Fair Labor Standards Act. *See Larkin v. The Scotts Company, LLC, et al.*, No. 1:13-cv-01363-AKH (hereinafter "*Larkin*").

55. On September 30, 2013, the Court in the *Larkin* action granted the parties' joint motion to circulate a notice of the *Larkin* action to all Territory Service Representatives (and

9

employees with substantially similar duties) employed by Defendant during the period of February 28, 2010 through September 30, 2013.

56. As a result of the Court-approved notice, a total of 1,067 Territory Service Representatives (or employees with substantially similar duties) joined the *Larkin* case.

57. Plaintiff Bryan Bates and other members of the FLSA Collective never received a notice of the *Larkin* action, and never filed a consent form in the *Larkin* action.

58. On September 23, 2016, the Court in the *Larkin* action approved a Collective settlement totalling $8,975,000.00 which was allocated amongst the 1,067 individuals who filed consent forms in *Larkin* in exchange for a release of their claims.

59. The settlement of the *Larkin* case did not purport to release claims of individuals who did not file consent forms in this action, including Plaintiff Bryan Bates and other members of the FLSA Collective.

## COLLECTIVE ACTION ALLEGATIONS
### (FLSA Collective Members)

60. Plaintiff has knowledge that like him, other members of the FLSA Collective have also been denied overtime pay for hours worked over forty hours per workweek and have been denied pay at the federally mandated minimum wage rate. That is, the Plaintiff worked with other employees of Defendants who were paid pursuant to the FWW method that fails to comply with the law.

61. Other employees similarly situated to the Plaintiff work or have worked for Defendants, but were not paid overtime at the rate of one and one-half times their regular rates when those hours exceeded forty hours per workweek. Furthermore, these same employees were denied pay at the federally mandated minimum wage rate.

62. Although Defendants permitted and/or required FLSA Collective Members to work in excess of forty hours per workweek, Defendants have denied them full compensation for their hours worked over forty. Defendants have also denied them full compensation at the federally mandated minimum wage rate.

63. The FLSA Collective Members perform or have performed the same or similar work as the Plaintiff.

64. The FLSA Collective Members regularly work or have worked in excess of forty hours during a workweek.

65. The FLSA Collective Members are not exempt from receiving overtime at the federally mandated wage rate under the FLSA.

66. As such, the FLSA Collective Members are similar to the Plaintiff in terms of job duties, pay structure, and/or the denial of overtime wage.

67. Defendants' failure to pay overtime compensation at the wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the FLSA Collective Members.

68. The experiences of the Plaintiff, with respect to his pay, are typical of the experiences of the FLSA Collective Members.

69. The specific job titles or precise job responsibilities of each FLSA Collective Member does not prevent collective treatment.

70. All FLSA Collective Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

71. All FLSA Collective Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

72. Although the exact amount of damages may vary among FLSA Collective Members, the damages for the FLSA Collective Members can be easily calculated by a simple formula. The claims of all FLSA Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all FLSA Collective Members.

73. As such, Plaintiff brings his FLSA overtime and minimum wage claims as a collective action on behalf of the following Collective:

> **All current and former Territory Service Representatives employed by The Scotts Company, LLC and/or E.G. Systems, Inc. d/b/a Scott's and all other current or former employees of E.G. Systems, Inc. d/b/a Scott's performing substantially similar duties to Territory Service Representatives who were paid for at least one workweek under the fluctuating workweek method of pay during the period September 15, 2014 through the date of judgment in this action**.

(The "FLSA Collective")

74. Excluded from the FLSA Collective are Defendants' exempt executive, administrative, and professional employees, including computer professionals and outside sales persons, and any employee whose FLSA claims are fully subject to a valid release effectuated by the settlement in *Larkin*.

### COUNT ONE: VIOLATION OF 29 U.S.C. § 207
### (<u>COLLECTIVE ACTION</u>)

75. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

76. Defendants' practice of failing to pay Plaintiff and FLSA Collective Members time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

77. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendants or Plaintiffs and FLSA Collective Members.

## COUNT TWO: VIOLATION OF 29 U.S.C. § 206
### (COLLECTIVE ACTION)

78. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

79. Defendants' practice of failing to pay Plaintiff and FLSA Collective Members at the required minimum wage rate violates the FLSA. 29 U.S.C. § 206.

80. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to the Defendants or the Plaintiff and FLSA Collective Members.

## WAGE DAMAGES SOUGHT

81. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

82. Plaintiff and the other members of the FLSA Collective are entitled to recover their unpaid minimum wage and overtime compensation.

83. Plaintiff and the other members of the FLSA Collective are entitled to an amount equal to all of their unpaid minimum wages and overtime wages as liquidated damages. 29 U.S.C. § 216(b).

84. Plaintiff and the other members of the FLSA Collective are entitled to recover attorney's fees and costs as required by the FLSA.

## JURY DEMAND

85. Plaintiff hereby demands trial by jury on all issues.

## PRAYER FOR RELIEF

86. For these reasons, Plaintiff, on behalf of himself and all other members of the FLSA Collective who join this action, respectfully requests that judgment be entered in their favor awarding the following relief:

a) Unpaid minimum wages for all hours worked in a workweek;

b) Unpaid overtime compensation for all hours worked over forty (40) hours in a workweek at the applicable time-and-a-half rate;

c) An equal amount of unpaid wages as liquidated damages as required under the FLSA;

d) Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA;

e) Such other relief to which Plaintiff other members of the FLSA Collective may be entitled, at law or in equity.

Dated: September 14, 2017

RESPECTFULLY SUBMITTED,

s/ Gregory F. Coleman
Gregory F. Coleman (BPR No. 014092)
Lisa A. White (BPR No. 026658)
Mark E. Silvey (BPR No. 13415)
Benjamin P. Lemly (BPR No. 33267)
GREG COLEMAN LAW PC
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
Telephone: (865) 247-0080
Facsimile: (865) 522-0049
greg@gregcolemanlaw.com
lisa@gregcolemanlaw.com
mark@gregcolemanlaw.com
benjamin@gregcolemanlaw.com

Jason T. Brown (will *pro hac vice*)
Nicholas Conlon (will *pro hac vice*)
JTB LAW GROUP, LLC
155 2nd Street, Suite 4
Jersey City, NJ 07302
Telephone: (877) 561-0000
Facsimile: (855) JTB-LAWS
jtb@jtblawgroup.com
nicholasconlon@jtblawgroup.com

***Counsel for Plaintiffs***

15