UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| **BRYAN BATES** and **RAINER SCHMEICHEL**, | Case No. 3:17-cv-00408-TRM-HBG |
| Plaintiffs, | District Judge Travis R McDonough |
| v. | Magistrate Judge H Bruce Guyton |
| **THE SCOTTS COMPANY, LLC,** and **EG SYSTEMS, INC.,** *doing business as* **"SCOTT'S"**, | |
| Defendants. | |

## PLAINTIFFS' MOTION FOR APPROVAL OF SETTLEMENT AND INCORPORATED MEMORANDUM OF LAW

Plaintiffs, Bryan Bates and Rainer Schmeichel, (collectively "Plaintiffs"), and Defendants, The Scotts Company, LLC, and EG Systems, Inc. (collectively "Defendants") have reached a settlement in the above-captioned lawsuit. Plaintiffs now request that the Court approve their Motion for Approval of Settlement, and state the following:

### I. BACKGROUND

This case was filed on September 14, 2017, by Plaintiffs, who were employed by Defendants as lawn care technicians, also known as "Territory Service Representatives". (Dkt No. 1). Plaintiffs alleged Defendants violated the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA") by failing to pay proper overtime and/or minimum wages to Plaintiffs at the federally mandated overtime and/or minimum wage rate.

Plaintiffs were compensated pursuant to the "fluctuating work week" ("FWW") method of overtime compensation. Plaintiffs alleged that Defendants improperly implemented the FWW method of pay based in part upon supplementary payments and bonuses Plaintiffs received. The

amount of the supplementary payments and bonuses that the Plaintiffs received varied from week to week. Consequently, Plaintiffs alleged that the gross amounts that the Plaintiffs received each week were not fixed, as the law requires. *See United States Department of Labor Final Ruling dated April 5, 2011*, 76 FR 18832, 18850.

Plaintiffs amended their complaint on October 6, 2017. (Dkt No. 17). Defendants filed an Answer denying allegations that they improperly implemented the FWW method of pay and Plaintiffs were fully compensated for all hours worked. (Dkt No. 19). As a result, Defendants alleged Plaintiffs were properly paid and not entitled to any damages. A scheduling conference took place on November 29, 2017 and an order was issued on the same day. (Dkt No. 28).

The parties were engaged in settlement discussions. The settlement discussions included the voluntary production of information by the parties. The parties were able to reach a resolution, and the Defendants have agreed to pay Plaintiffs the amount of Twenty Thousand Dollars and Zero Cents ($20,000.00) in full resolution of Plaintiffs' claims (the "Settlement"). Plaintiffs now seek approval of the Settlement from this Court.

## II.     THE SETTLEMENT MEETS THE REQUIREMENTS FOR APPROVAL

The Settlement in this matter meets the criteria for approval by this Court.

The circuits are split on whether settlements or stipulations of dismissal for FLSA claims require court approval. *Steele v. Staffmark Investments, LLC*, 172 F. Supp. 3d 1024, 1026 (W.D. Tenn. 2016). The Sixth Circuit has yet to rule definitively on the question; however, based on the unique purpose of the FLSA and the unequal bargaining power between employees and employers, some district courts in the sixth circuit has found FLSA settlements require approval by either the Department of Labor or a court. *Id. see also Nasrallah v. Lakefront Lines, Inc.,* 2017 WL 2291657,

at *4 (N.D. Ohio May 25, 2017). The law favors compromise and settlement of collective actions. *Salinas v. U.S. Xpress Enterprises, Inc.,* 2018 WL 1475610 (E.D. Tenn. Mar. 26, 2018).

To approve such a settlement, the court must conclude that it fairly and reasonably resolves a bona fide dispute over FLSA provisions and that the lawsuit has in fact provided the adversarial context to protect the employee's interests from employer overreaching. *Thompson v. United Stone, LLC*, 2015 WL 867988, at *1 (E.D. Tenn. Mar. 2, 2015). If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation. *Green v. Hepaco, LLC*, 2014 WL 2624900, at *3 (W.D. Tenn. June 12, 2014). Finally, a court proceeding over a FLSA suit "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." *Id.*

### (a)  The Action Involves a Bona Fide Dispute over FLSA Provisions

There is a bona fide disputes regarding the FLSA provisions in this case. First, while it is Plaintiffs' position that the Defendants failed to properly pay Plaintiffs overtime and/or minimum wages, it is Defendants' position that Plaintiffs were compensated for all hours worked and in accordance with the applicable laws. Significantly, there was a good-faith disagreement as to whether Defendants had improperly implemented the FWW method of pay based in part upon supplementary payments and bonuses Plaintiffs received.

Each party is represented by experienced counsel who has vigorously defended their respective positions and is in the best position to opine as to whether this settlement produces fair results after consideration of risks. With the understanding that this matter would be costly to

3

litigate, the parties engaged in settlement discussions. There is no question that the Settlement results from a bona-fide dispute during an adversarial proceeding.

**(b)  Settlement is a Fair and Reasonable**

In determining whether a particular settlement is fair, reasonable, and adequate, the Sixth Circuit considers the following factors:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recover; and (6) the opinions of the counsel.

*Nutting v. Unilever Mfg. (U.S.) Inc.,* 2014 WL 2959481, at *3 (W.D. Tenn. June 13, 2014).

Plaintiffs advance several reasons why the Court should approve the proposed settlement agreement. First, Plaintiffs were fully aware of the factual contentions of their claim and are satisfied with the outcome of the settlement agreement. The settlement was a result of highly qualified counsel evaluating the risks and acting in good faith in the best interests of their clients. Also, because litigation is an inherently risky process, Plaintiffs assert the Court should approve the settlement because the settlement amount provides Plaintiffs with full backpay for the two year statute of limitations period applicable to non-willful violations.

Furthermore, public policy also favors approval of the Settlement. *Steele,* 172 F. Supp. 3d at 1024. ("[a] strong public policy favors [settlement] agreements, and courts should approach them with a presumption in their favor"). This is especially the case when substantial resources can be conserved by avoiding the time, cost, and rigor of protracted litigation. Indeed, were it not for this Settlement, the parties would continue to vigorously litigate the action, which would require substantial written discovery and depositions, time, and expense. Future motions and a potential trial would require a considerable amount of time, energy, and resources for both parties

4

as well as this Court. When balanced against the time and costs associated with continued litigation, the immediate recovery provided to the Plaintiffs with this Settlement favors a determination that the Settlement reached between the parties is fair and reasonable.

Finally, the Settlement provides for a fair and reasonable attorneys' fee. The case was handled on a contingency fee and the Settlement provides for an attorneys' fee award that represents approximately one-third of the settlement amount. Plaintiffs expended approximately forty (40) hours litigating the matter and have extensive experience litigating many wage and hour claims similar to this one. Thus, the Settlement contains a fair and reasonable attorneys' fee for legal services rendered to and for the Plaintiffs by their counsel in the suit and is entitled to their attorneys' fee. See, e.g., *Fegley v. Higgins*, 19 F.3d 1126, 1134–35 (6th Cir.1994); *Thompson v. United Stone, LLC*, 2015 WL 867988, at *2 (E.D. Tenn. Mar. 2, 2015); See *Bachman v. A.G. Edwards, Inc.*, 344 S.W.3d 260 (Mo. App. E.D. 2011) citing *In re Rite Aid Corp. Secs. Litig.*, 146 F.Supp.2d 706, 735 (E.D. Pa. 2001) (noting that in a study of 289 settlements ranging from under $1 million to $50 million, the average attorney's fee percentage is 31.71%, and the median is 33.3%).

For all of the foregoing reasons, the Settlement agreed to and by the parties is fair and adequate and should be fully and finally approved.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs desire to fully, finally, and forever settle, compromise, and discharge the claims asserted in this action and believe that the Settlement reached is fair, adequate, and in the best interest of the Plaintiffs. Plaintiffs therefore respectfully request the Court enter an Order:

i. Granting approval of the Settlement reached in this action;

ii. Dismissing the action with prejudice;

iii. Entering such other and further orders as the Court deems just and proper.

Dated: April 26, 2018                               RESPECTFULLY SUBMITTED,

s/Gregory F. Coleman
Gregory F. Coleman (BPR No. 014092)
Lisa A. White (BPR No. 026658)
Mark E. Silvey (BPR No. 13415)
**GREG COLEMAN LAW PC**
First Tennessee Plaza
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
Telephone: (865) 247-0080
Facsimile: (865) 522-0049
Email: greg@gregcolemanlaw.com
Email: lisa@gregcolemanlaw.com
Email: mark@gregcolemanlaw.com

Jason T. Brown (*pro hac vice*)
Nicholas Conlon (*pro hac vice)*
**JTB LAW GROUP, LLC**
155 2nd Street, Suite 4
Jersey City, NJ 07302
Telephone: (877) 561-0000
Facsimile: (855) JTB-LAWS
Email: jtb@jtblawgroup.com
Email: nicholasconlon@jtblawgroup.com

*Counsel for Plaintiffs*

6

## **CERTIFICATE OF SERVICE**

  The undersigned counsel hereby certifies that on Thursday, April 26, 2018, the foregoing was served via the Court's e-filing system upon all attorneys of record.

    Jamie Ballinger-Holden
    BAKER, DONELSON, BEARMAN,
    CALDWELL & BERKOWITZ, P.C.
    265 Brookview Centre Way, Suite 600
    Knoxville, Tennessee 37919
    jballinger@bakerdonelson.com

    Juan C. Enjamio
    HUNTON & WILLIAMS LLP
    1111 Brickell Avenue, Suite 2500
    Miami, Florida 33131
    jenjamio@hunton.com

    Ryan A. Glasgow
    Tyler S. Laughinghouse
    HUNTON & WILLIAMS LLP
    951 E. Byrd Street
    Richmond, Virginia 23219
    rglasgow@hunton.com
    tlaughinghouse@hunton.com

        s/Gregory F. Coleman
        Gregory F. Coleman (BPR No. 014092)