UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BRYAN BATES and RAINER SCHMEICHEL, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:17-CV-408-TRM-HBG |
| ) | |
| THE SCOTTS COMPANY, LLC, and ) | |
| EG SYSTEMS, INC., d/b/a "SCOTT'S, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral Order of the District Judge [Doc. 34].

Now before the Court is Plaintiffs' Motion for Approval of Settlement and Incorporated Memorandum of Law [Doc. 33]. The Court has reviewed the Plaintiffs' Motion and the history of this case. Accordingly, for the reasons more fully stated below, the undersigned **RECOMMENDS** that Plaintiffs' Motion [**Doc. 33**] be **GRANTED**.

**I.   BACKGROUND**

Plaintiffs filed suit on September 14, 2017, [Doc. 1] and filed an Amended Complaint [Doc. 17] on October 6, 2017. In their Amended Complaint, Plaintiffs allege that they worked more than forty hours in a workweek as lawn care technicians/specialists or "Territory Service Representatives" for Defendants. [Doc. 17 at ¶ 1]. Plaintiffs aver that Defendants violated the Fair Labor Standards Act ("FLSA") by not paying overtime work at the mandated overtime wage rate. [*Id.*]. Plaintiffs state that throughout their employment with Defendants, they were paid pursuant to a fluctuating work week ("FWW") method. [*Id.* at ¶ 37]. Plaintiffs state, however, that Defendants improperly implemented the FWW method of pay. [*Id.* at ¶ 38]. Because

Defendants did not comply with the law, Plaintiffs were paid at rates less than what they should have been paid, and therefore, are owed significant damages. [*Id.* at ¶ 39].

Plaintiffs state that during the relevant time period, Defendants paid Plaintiffs supplementary payments and bonuses in addition to their regular salary and that the amount of the supplementary payments and bonuses that they received varied from week to week. [*Id.* at ¶¶ 43-44]. Plaintiffs allege that the law requires fixed amounts. [*Id.* at ¶ 45]. In addition, Plaintiffs state that the supplementary and bonus payments were not factored into their regular rate of pay. [*Id.* at ¶ 46]. Plaintiffs aver that they were paid overtime at rates less than what is mandated by using the FWW method. [*Id.* at ¶ 47]. When Plaintiffs worked less than 40 hours in a week, Defendants reduced their pay in proportion to the number of hours below 40 that were not worked that week. [*Id.* at ¶ 49]. Thus, Plaintiffs allege, that they never received fixed salaries as the law requires. [*Id.* at ¶ 30].

Further, Plaintiffs state that Defendants violated the law because there was no clear and mutual understanding reached between Plaintiffs and Defendants and that Plaintiffs were essentially paid as hourly employees but without overtime pay at the rate of time and one-half their regular rate. [*Id.* at ¶ 51]. Plaintiffs submit that Defendants' method of paying them was in violation of the FLSA and was willful and not based on a good-faith and reasonable belief that such conduct complied with the FLSA. [*Id.* at ¶ 55].

Finally, the Amended Complaint states that on February 28, 2013, another Territory Service Representative filed a lawsuit in the United States District for the Southern District of New York, *Larkin v. The Scotts Company, LLC, et al.*, No. 1:13-cv-1363 ("*Larkin*"), alleging that Defendants' use of the FWW method was invalid. [*Id.* at ¶ 56]. Plaintiffs were not part of the *Larkin* action. [*Id.* at ¶ 59]. On September 23, 2016, the Court in the *Larkin* action approved a

collective settlement of $8,975,000.00, which was allocated among the 1,067 individuals who filed consent forms in *Larkin* in exchange for a release of their claims. [*Id.* at ¶ 60]. In the instant lawsuit, Plaintiffs allege violations of 29 U.S.C. §§ 206-207. [*Id.* at ¶¶ 62-67]. Plaintiffs request unpaid minimum wage, overtime compensation, liquidated damages, attorney's fees, and costs. [*Id.* at ¶ 69-72].

## II. POSITIONS OF THE PARTIES

Plaintiffs request that the Court approve their settlement agreement with Defendants. Plaintiffs state that the parties were able to reach a resolution of this matter and that Defendants have agreed to pay Plaintiffs in the amount of twenty thousand dollars ($20,000.00) in full resolution of Plaintiffs' claims. Plaintiffs submit that this action involves a bona fide legal dispute over FLSA provisions, including whether Defendants improperly implemented the FWW method of pay based, in part, upon supplementary payments and bonuses Plaintiffs received. Plaintiffs state that each party is represented by experienced counsel who vigorously defended Plaintiffs' respective positions and that counsel is in the best position to opine as to whether this settlement produces fair results after considering the risks. Plaintiffs submit that with the costs of litigation in mind, the parties engaged in settlement discussions.

Plaintiffs further submit that the settlement is fair and reasonable for a number of reasons. First, Plaintiffs state that they are fully aware of the factual contentions of their claim and are satisfied with the outcome of the settlement agreement. Plaintiffs explain that the settlement was the result of highly qualified counsel evaluating the risks and acting in good faith and within the best interests of Plaintiffs. Plaintiffs state that the Court should approve the settlement because it provides Plaintiffs with full back pay for the two-year statute of limitations period for non-willful violations. Further, Plaintiffs state that public policy favors approval of the settlement agreement.

Plaintiffs continue that this is especially the case when substantial resources can be conserved by avoiding the time, costs, and rigor of protracted litigation. Plaintiffs assert that when balanced against the time and costs associated with continued litigation, the immediate recovery provided to them with the settlement favors a determination that the settlement reached between the parties is fair and reasonable. Finally, Plaintiffs submit that the settlement agreement provides a fair and reasonable attorney's fee. Plaintiffs explain that the case was handled on a contingency fee and that the settlement agreement provides for an attorney's fee award that represents approximately one-third of the settlement amount.

## III.     ANALYSIS

The Court's approval of settlements is only required in certain circumstances. Courts must ensure that the settlement of the FLSA claim is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). The compromise regarding the FLSA claim should "reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute." *Id.* In addition, where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable. *Schneider v. Goodyear Tire & Rubber, Co.*, No. 5:13-cv-2741, 2014 WL 2579637, *2 (N.D. Ohio June 9, 2014).

In the instant case, the Court has reviewed the settlement agreement, and the Court finds that it is fair and reasonable. The Court notes that both parties are represented by counsel and that both parties acknowledge that a bona fide legal dispute exists (i.e., whether Defendants improperly applied the FWW method.). The parties engaged in settlement discussions, which included the voluntary production of information by the parties. Plaintiffs represent that the settlement amount

provides them with full back pay for two years, which is the statute of limitations period for non-willful violations.

Further, the Court observes that, by settling, Plaintiffs are spared the burden of proving their claims and damages to a jury, and they are being fairly compensated with the wages of which they were allegedly deprived. Moreover, the Court finds that the settlement agreement resolves a bona fide dispute over FLSA provisions. Accordingly, the Court finds that the parties' settlement agreement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355. Finally, the Court has also reviewed the request for attorney's fees in this case. The Court finds the fee request reasonable, given that counsel spent approximately forty hours litigating this matter.

## IV. CONCLUSION

Based upon the foregoing, the undersigned **RECOMMENDS**[1] that Plaintiff's' Motion for Approval of Settlement and Incorporated Memorandums of Law [**Doc. 33**] be **GRANTED.**

Respectfully Submitted,

_Bruce Guyton_
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).